IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| PATRICIA HOLLAND, the Surviving Mother of KIP EUGENE HOLLAND and WAYNE HOLLAND as the Administrator of the Estate of KIP EUGENE HOLLAND, Deceased<br><br>    Plaintiffs,<br><br>VS.<br><br>CYPRESS INSURANCE COMPANY; JW HARPER FARMS, an entity, and JAMES WINDELL HARPER, an Individual,<br><br>    Defendants. | FILED IN CLERK'S OFFICE<br>U.S.D.C. - Gainesville<br><br>JUN - 8 2017<br><br>JAMES N. HATTEN, Clerk<br>By: _____ Deputy Clerk<br><br>CIVIL ACTION FILE<br>NO. 2:17-CV-0120 |

**COMPLAINT FOR DAMAGES AND DEMAND FOR TRIAL BY JURY**

COME NOW, Plaintiffs Patricia Holland, the Surviving Mother of Kip Holland, and Wayne Holland, as the Administrator of the Estate of Kip Eugene Holland, Deceased, in the above-styled action and hereby file this Complaint as follows:

1.

Plaintiffs Patricia Holland and Wayne Holland (hereinafter, collectively, "Holland" or "Plaintiffs") are Georgia citizens and subject to the jurisdiction of this Court. Plaintiff Patricia Holland is the surviving mother of Decedent Kip Eugene

Holland (hereinafter, "Decedent Holland"). Decedent Holland was never married and had no children. Plaintiff Wayne Holland, surviving brother of Decedent Holland, is the duly appointed Administrator of the Estate of Kip Eugene Holland and brings forth the claims of his Estate.

2.

Defendant Cypress Insurance Company (hereinafter "Cypress Insurance") is a foreign insurance company organized under the laws of the State of California and with its principal place of business in the State of California. Defendant Cypress Insurance is registered to do business in Georgia and may be served with process by service upon its registered agent, Corporation Service Company, 40 Technology Parkway South, Suite 300, Gwinnett County, Norcross, Georgia, 30092. Furthermore, Cypress Insurance has numerous insurance agents throughout the counties comprising of this Division of this United States District Court establishing minimum contacts required for personal jurisdiction in this Honorable Court in accordance with 28 U.S.C. § 1391.

3.

Defendant Cypress Insurance has been properly served with process in this action.

4.

Defendant JW Harper Farms (hereinafter, "Harper Farms" or "Defendant Harper Farms") is reasonably believed to be a foreign corporate entity organized under the laws of the State of Alabama and with its principal place of business in the State of Alabama. At all times relevant to this cause of action, Defendant Harper Farms and/or Defendant James Windell Harper (hereinafter "Harper" or "Defendant Harper") operated as a motor common carrier. At all times relevant to the present cause of action, Defendant Harper Farms and/or Defendant Harper was doing business in the State of Georgia without a certificate of authority and without a registered agent for service of process. Defendant Harper Farms may be served with process by service upon its principal, James Windell Harper at 1320 AL Highway 35, Section, Jackson County, AL 35771.

5.

Defendant Harper Farms has been properly served with process in this action.

6.

Defendant James Windell Harper is an individual and an Alabama resident. He may be served at his place of residence located at 1455 County Road 358, Groveoak, Dekalb County, AL 35975-4960.

7.

Defendant Harper has been properly served with sufficient process in this action.

8.

At the time of the subject collision, Defendant Cypress Insurance provided a policy of liability insurance on behalf of Defendant JW Harper Farms and James Windell Harper under policy number 03 TRM 014687 – 01 or 02. The policy was in effect on December 8, 2016. Defendant Cypress Insurance is subject to suit by direct action pursuant to O.C.G.A. §§ 40-1-112 or 40-2-140.

9.

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 (a)(1) as more than $75,000.00 is in controversy and Plaintiffs and Defendants are citizens of different states.

10.

In accordance with 28 U.S.C. § 1391 (c) and (d) venue is proper in the Northern District of Georgia, Gainesville Division as Defendants maintain minimum contacts and transact business in the Northern District of Georgia, Gainesville Division and are thus subject to personal jurisdiction in the Northern District of Georgia, Gainesville Division. Additionally, and more specifically, venue is appropriate in this Court and this Court has personal jurisdiction over Defendants

based on the location of the incident causing the tortious injury giving rise to this complaint took place in the Gainesville Division of the Northern District of Georgia.

11.

On December 8, 2016, Defendant Harper, acting as a motor carrier for hire, had received a load for his tractor-trailer in Georgia and was driving his loaded tractor trailer to a delivery destination in Georgia. In so doing, Defendant Harper was traveling west on Georgia Highway 369/Browns Bridge Road in Gainesville, Georgia. Defendant Harper was driving a tractor-trailer owned by Defendant Harper and/or Defendant Harper Farms. On said date, Defendant Harper was an employee or agent driver of Defendant Harper Farms.

12.

At or about the same time, Decedent Kip Eugene Holland (hereinafter "Decedent") was walking as a pedestrian along the shoulder, off of the roadway, of the westbound side of Georgia Highway 369/Browns Bridge Road in an eastbound direction.

13.

While driving, Defendant Harper began to swerve and drive erratically as he proceeded in a westbound direction on the highway. Defendant Harper did not stop his tractor-trailer or pull over. Rather, Defendant Harper continued driving

erratically and swerving for more than two miles. Eventually, Defendant Harper failed to maintain his lane, drove off the outside edge of the pavement of the roadway, and lost control of his tractor-trailer at or near the address marker of 4321 Browns Bridge Road, Gainesville, Hall County, Georgia.

14.

When Defendant Harper lost control of his loaded tractor-trailer, and drove off the outside edge of the pavement of the roadway, the weight within the loaded trailer shifted resulting in the trailer overturning. The overturning trailer became disconnected from the truck/tractor as the trailer overturned.

15.

The overturning trailer rolled over the top of Decedent Holland and he sustained serious and permanent personal injuries as a result of the crash. Decedent Holland survived the impact for a period of time, but later that same day, Decedent Holland succumbed to his injuries and perished. Decedent Holland was killed as a result of the trailer rolling over him.

16.

As the trailer approached and rolled over Decedent Holland, he suffered injuries to his mind and body, including pre-impact shock, fright, terror, and mental pain and suffering from the time he saw the tractor trailer approaching until he died.

17.

Defendant Harper was negligent in operating the tractor-trailer. Defendant Harper's negligence includes, but is not limited to, one or more of the following: negligently failing to maintain his lane; negligently driving too fast under the conditions; impaired driving; distracted driving; inattentiveness; negligently failing to maintain his vehicle under proper control; negligently failing to keep a proper lookout; negligently failing to make a timely and proper application of brakes; negligently failing to stop his tractor-trailer when in distress; and any other acts of negligence that may be proven at trial.

18.

Defendant Harper was negligent *per se* in violating laws of the State of Georgia. Namely, Defendant Harper violated O.C.G.A. § 40-6-48 in failing to maintain his lane, O.C.G.A. § 40-6-93 in failing to exercise due care, O.C.G.A. § 40-6-390 for driving reckless, and O.C.G.A. § 40-6-394 for causing a serious injury by a vehicle.

19.

Defendant Harper failed to operate the tractor-trailer with the due care exercised by individuals in like or similar circumstances and operated the vehicle in a manner showing a disregard for the safety of others, including Decedent Holland.

Defendant Harper Farms is directly and vicariously liable for Defendant Harper's failure to exercise due care.

20.

Decedent Holland acted with reasonable care under the conditions and circumstances then existing. Decedent Holland was walking off of the side of the roadway when the collision occurred.

21.

Defendant Harper and/or Harper Farms is a motor common carrier for hire. At all relevant times, Defendant Harper was acting at the direction and under the control of Defendant Harper Farms. Further, Defendant Harper was operating the tractor-trailer in the course and scope of his employment with Defendant Harper Farms and with its permission.

22.

Defendant Harper was operating a tractor-trailer owned, leased, operated, and/or maintained by him and/or Defendant Harper Farms and insured by Defendant Cypress Insurance.

23.

Defendant Harper Farms is liable for the actions and omissions of Defendant Harper through *respondeat superior* and agency principles because, at all relevant

times, Defendant Harper was acting within the course and scope of his employment and/or agency.

24.

Defendant Harper Farms negligently hired, supervised, trained, and/or retained Defendant Harper and the employees with supervisory responsibility over Defendant Harper. Additionally, Defendant Harper Farms negligently entrusted driving responsibilities of a tractor-trailer to Defendant Harper. Further, Defendant Harper Farms negligently failed to implement and utilize proper procedures to evaluate Defendant Harper's skills and expertise for the operation of said tractor-trailer.

25.

Defendant Cypress Insurance provided liability insurance for Defendant Harper Farms and Defendant Harper under policy number policy number 03 TRM 014687 – 01 or 02 which provides coverage for the claims asserted against Defendant Harper Farms and Defendant Harper. Defendant Cypress Insurance is liable for Defendant Harper's and/or Harper Farms' negligence and failure to adhere to applicable laws and regulations pursuant to Georgia's direct action statute.

26.

Defendants were and are negligent *per se*.

27.

Each of the foregoing acts and omissions constitutes an independent act of negligence. Decedent Holland sustained serious and permanent injuries as a result of this wreck that ultimately resulted in his death.

28.

Defendants directly and proximately caused Decedent Holland's injuries through one or more of the negligent acts or omissions stated above. Therefore, Defendants are directly and/or vicariously liable for Decedent Holland's injuries and death that resulted from this wreck.

29.

Plaintiffs Holland are entitled to recover all elements of damages allowed under applicable law and supported by the evidence, including but not limited to:

a)   Personal injuries;

b)   All elements of past pain and suffering, both mental and physical;

c)   Wrongful death;

d)   Past medical, funeral, and incidental expenses; and

e)   Any other elements of damages allowable under O.C.G.A. §§ 51-4-4, 51-4-5, 19-7-1 and any other allowable damages under Article 1 of Chapter 12 of Title 51.

30.

Defendant Harper was driving recklessly and erratically for more than two miles before finally losing control of his tractor trailer and killing Decedent Holland. In those two miles, numerous locations exist along Georgia Highway 369 in Defendant Harper's direction of travel wherein Defendant Harper could have safely and easily stopped his tractor-trailer.

31.

Defendant Harper's actions in refraining from stopping his tractor-trailer showed willful misconduct or an entire want of care, which would raise the presumption of conscious indifference to consequences as defined by O.C.G.A. § 51-12-5.1. Thus, Plaintiffs are also entitled to an award of punitive damages.

32.

Defendants' responses to the claims of Plaintiffs have been indicative of stubborn litigiousness, actions in bad faith, and have caused Plaintiffs unnecessary trouble and expenses entitling Plaintiffs to an award of attorney's fees in accordance with O.C.G.A. § 13-6-11

WHEREFORE, Plaintiffs pray that:

a)   Process issue as provided by law;

b)   Plaintiffs have a trial by jury;

c)  Plaintiffs be awarded actual damages in amounts to be shown at trial from Defendants;

d)  Plaintiffs be awarded all general, special, compensatory, punitive, and other allowable damages in accordance with the enlightened conscience of an impartial jury from the Defendants and as permitted under Georgia law;

e)  Plaintiffs be awarded attorney's fees and costs of litigation to the extent Defendants are stubbornly litigious, actions in bad faith, or has caused Plaintiffs unnecessary trouble and expenses in accordance with O.C.G.A. § 13-6-11;

f)  Plaintiffs have such other relief as this Court deems just and proper.

PLAINTIFFS HEREBY DEMAND A TRIAL BY JURY.

This 8th day of June, 2017.

**LAZENBY LAW GROUP, LLC**

_____
R. SHANE LAZENBY
GEORGIA STATE BAR NUMBER 441670

P.O. BOX 2875
GAINESVILLE, GEORGIA 30503
678-971-1166
678-971-1168 (FAX)
SHANE@LAZLAWGROUP.COM

*ATTORNEY FOR PLAINTIFFS*