IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

PATRICIA HOLLAND, the Surviving
Mother of KIP EUGENE HOLLAND,
and WAYNE HOLLAND, as the
Administrator of the Estate of
KIP EUGENE HOLLAND, Deceased,

    Plaintiffs,

v.

CYPRESS INSURANCE COMPANY, JW
HARPER FARMS, an entity, and
JAMES WINDELL HARPER, an
Individual,

    Defendants.

CIVIL ACTION FILE
NO.:  2:17-CV-0120

**TRIAL BY JURY DEMANDED.**

## ANSWER

Defendants Cypress Insurance Company ("Cypress"), alleged entity JW Harper Farms ("Harper Farms"), and James Wendell Harper ("Harper"), incorrectly named James Windell Harper, file this Answer to the Complaint for Damages and Demand for Trial by Jury to state the following:

### FIRST DEFENSE

Cypress is not a proper party as it is not subject to direct action under Georgia law.

### SECOND DEFENSE

JW Harper Farms is not a proper party as is it not known to be an incorporated business entity subject to suit.

## THIRD DEFENSE

Defendants plead the defense of Act of God.

## FOURTH DEFENSE

1.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 and therefore, deny the allegations.

2.

For answer to paragraph 2, Defendants admit Cypress is a foreign insurance company organized under the laws of the state of California with its principal place of business in California, Cypress is registered to do business in Georgia, Cypress may be served with process through its registered agent, Corporation Service Company, 40 Technology Parkway South, #300, Norcross, Gwinnett County, Georgia 30092, Cypress has agents in the counties in this district, this Court has personal jurisdiction over Cypress, but deny the remaining allegations in paragraph 2.

3.

Defendants admit the allegations in paragraph 3.

4.

For answer to paragraph 4, Defendants admit at the time of the subject motor vehicle accident, Harper operated as an

interstate motor carrier, but deny the remaining allegations in paragraph 4.

5.

Defendants admit the allegations in paragraph 5.

6.

For answer to paragraph 6, Defendants admit Harper is an Alabama resident and citizen, but deny the remaining allegations in paragraph 6.

7.

Defendants admit the allegations in paragraph 7.

8.

For answer to paragraph 8, Defendants admit at the time of the subject motor vehicle accident, Cypress had in effect a liability policy issued to JW Harper under policy number 03 TRM 014687-02, but deny the remaining allegations in paragraph 8.

9.

Defendants admit the allegations in paragraph 9.

10.

For answer to paragraph 10, Defendants admit venue is proper in this Court, but deny the remaining allegations in paragraph 10.

11.

For answer to paragraph 11, Defendants admit on December 8, 2016, Harper was operating as an interstate motor carrier, Harper was driving a loaded tractor-trailer, Harper was traveling west on Georgia Highway 369 / Browns Bridge Road in Gainesville, Georgia, Harper owned the tractor, but deny the remaining allegations in paragraph 11.

12.

For answer to paragraph 12, Defendants admit deceased Kip Eugene Holland was walking as a pedestrian on the westbound side of Georgia Highway 369 / Browns Bridge Road in an eastbound direction at the time of the subject motor vehicle accident, but are without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 12, and therefore deny the remaining allegations.

13.

For answer to paragraph 13, Defendants admit Harper suffered a sudden, unforeseeable medical emergency which caused Harper to lose control of the tractor trailer and caused the subsequent subject motor vehicle accident at or near 4321 Browns Bridge Road, Gainesville, Hall County, Georgia, but deny the remaining allegations in paragraph 13.

14.

For answer to paragraph 14, Defendants admit as a result of Harper suffering a sudden, unforeseeable medical emergency, the trailer overturned and disconnected from Harper's tractor during the subject motor vehicle accident, but deny the remaining allegations in paragraph 14.

15.

For answer to paragraph 15, Defendants admit as a result of the subject motor vehicle accident, deceased Holland died, but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 15, and therefore, deny the remaining allegations.

16.

Defendants deny the allegations in paragraph 16.

17.

Defendants deny the allegations in paragraph 17. Harper suffered a sudden, unforeseeable medical emergency which caused Harper to lose control of the tractor trailer and caused the subsequent subject motor vehicle accident.

18.

Defendants deny the allegations in paragraph 18. Harper suffered a sudden, unforeseeable medical emergency which caused

Harper to lose control of the tractor trailer and caused the subsequent subject motor vehicle accident.

19.

Defendants deny the allegations in paragraph 19. Harper suffered a sudden, unforeseeable medical emergency which caused Harper to lose control of the tractor trailer and caused the subsequent subject motor vehicle accident.

20.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20, and therefore, deny the allegations.

21.

For answer to paragraph 21, Defendants admit Harper was operating as an interstate motor carrier, but deny the remaining allegations in paragraph 21.

22.

For answer to paragraph 22, Defendants admit Harper was operating a tractor he owned and a trailer he leased, Cypress issued a policy of insurance the terms of which speak for themselves, but deny the remaining allegations in paragraph 22.

23.

Defendants deny the allegations in paragraph 23.

24.

Defendants deny the allegations in paragraph 24.

25.

For answer to paragraph 25, Defendants admit at the time of the subject motor vehicle accident, Cypress had in effect a liability policy issued to JW Harper under policy number 03 TRM 014687-02, the terms of the policy speak for themselves, but deny the remaining allegations in paragraph 25.

26.

Defendants deny the allegations in paragraph 26.

27.

For answer to paragraph 27, Defendants admit as a result of the subject motor vehicle accident, deceased Holland died, but deny the remaining allegations in paragraph 27.

28.

Defendants deny the allegations in paragraph 28.

29.

Defendants deny the allegations in paragraph 29.

30.

Defendants deny the allegations in paragraph 30.

31.

Defendants deny the allegations in paragraph 31 and further state the allegations lack substantial justification under applicable Georgia law.

32.

Defendants deny the allegations in paragraph 32 and further state the allegations lack substantial justification under applicable Georgia law.

33.

Any allegation in the Complaint for Damages and Demand for Trial by Jury not specifically responded to above is denied.

Wherefore, having fully answered all allegations of the Complaint for Damages and Demand for Trial by Jury, and having shown the court Plaintiffs are not entitled to a recovery against Defendants in any form, fashion or amount whatsoever, Defendants respectfully pray this court for an order dismissing it without liability and casting all costs upon the Plaintiffs.

**DEFENDANTS DEMAND A JURY TRIAL.**

By: /s/  Grant B. Smith
    GRANT B. SMITH, ESQ.
    Georgia Bar No. 658345

By: /s/ Brent M. Estes
    BRENT M. ESTES, ESQ.
    Georgia Bar No. 250605
    For the Firm
    Attorneys for Defendants Cypress
    Insurance Company, JW Harper
    Farms and James Wendell Harper

900 Circle 75 Parkway, Suite 1400
Atlanta, GA 30339
Telephone:      (404) 365-0102
Facsimile:      (404) 365-0134
Email:      Gbs@dcplaw.com
       bestes@dcplaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 27, 2017, I electronically filed **ANSWER** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

> R. Shane Lazenby, Esq.
> Lazenby Law Group
> 1651 Thompson Bridge Road
> P.O. Box 2875
> Gainesville, GA  30503

I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

None.

THIS WILL FURTHER CERTIFY the above document was prepared in Courier New, 12 pt., pursuant to LR 5.1C, NDGa.

/s/ Brent M. Estes
BRENT M. ESTES
For the Firm

54-13007(GBS)

-10-