## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## GAINESVILLE DIVISION

| | | |
|---|---|---|
| **PATRICIA HOLLAND, the Surviving** | ) | |
| **Mother of KIP EUGENE HOLLAND** | ) | |
| **and WAYNE HOLLAND as the** | ) | |
| **Administrator of the Estate of** | ) | |
| **KIP EUGENE HOLLAND, Deceased** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **CIVIL ACTION FILE** |
| **VS.** | ) | |
| | ) | **NO. 2:17-CV-0120** |
| **CYPRESS INSURANCE COMPANY;** | ) | |
| **JW HARPER FARMS, LLC,** | ) | |
| **and KERI BELL, as Administrator** | ) | |
| **of the Estate of JAMES WENDELL** | ) | |
| **HARPER, Deceased,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## PLAINTIFFS' REQUESTS TO CHARGE
## WITH SUPPORTING CASE LAW

COME NOW, Patricia Holland, the Surviving Mother of Kip Eugene Holland and Wayne Holland, as the Administrator of the Estate of Kip Eugene Holland, Deceased, in the above-styled action and hereby file their Requests to Charge numbered 1-22 (including subparts from pattern charges).

Plaintiffs have included in these Requests all relevant and appropriate Pattern Jury Charges, as well as any other charges Plaintiffs believe are appropriate and applicable to this case. The Pattern Charges are taken from the Eleventh Circuit

Pattern Jury Instructions – Civil and Georgia's current pattern charges.  Plaintiffs

request that they be submitted to the jury in addition to the unique charges.

Plaintiffs have presented the case law supporting each of the proposed unique,

non-pattern charges for the Court's benefit.  Plaintiffs therefore respectfully request

these charges to instruct the jury.

**LAZENBY LAW GROUP, LLC**

/S/ ***R. SHANE LAZENBY***

_____

R. SHANE LAZENBY
GEORGIA STATE BAR NO. 441670

P.O. BOX 2875
GAINESVILLE, GEORGIA 30503
678-971-1166
678-971-1168 (FAX)
SHANE@LAZLAWGROUP.COM          *ATTORNEY FOR PLAINTIFFS*

## CERTIFICATE OF COMPLIANCE WITH L.R. 7.1

The undersigned attests that this document was prepared in Times New Roman, 14-point font that complies with this Court's Rules.

This 3rd day of February, 2020.

LAZENBY LAW GROUP, LLC

/S/ *R. SHANE LAZENBY*

_____

R. SHANE LAZENBY
GEORGIA STATE BAR NO. 441670

P.O. BOX 2875
GAINESVILLE, GEORGIA 30503
678-971-1166
678-971-1168 (FAX)
SHANE@LAZLAWGROUP.COM                    *ATTORNEY FOR PLAINTIFFS*

## **CERTIFICATE OF SERVICE**

This is to certify that I have this day electronically filed the Plaintiffs' Requests to Charge with the Clerk of Court using the CM/ECF system and have served a copy of the within and foregoing pleading to all parties to this matter via hand delivery as follows:

Brent M. Estes
Dennis, Corry, Smith & Dixon, LLP
900 Circle 75 Parkway, Suite 1400
Atlanta, GA 30339

I FURTHER CERTIFY that the undersigned is in possession of the original pleading referenced above.

This 3rd day of February, 2020.

LAZENBY LAW GROUP, LLC

/S/ **R. SHANE LAZENBY**
_____
R. SHANE LAZENBY
GEORGIA STATE BAR NO. 441670

P.O. BOX 2875
GAINESVILLE, GEORGIA 30503
678-971-1166
678-971-1168 (FAX)
SHANE@LAZLAWGROUP.COM          ATTORNEY FOR PLAINTIFFS

**1.1 General Preliminary Instruction**

Members of the Jury:

Now that you've been sworn, I need to explain some basic principles about a civil trial and your duty as jurors.  These are preliminary instructions.  I'll give you more detailed instructions at the end of the trial.

The jury's duty:

It's your duty to listen to the evidence, decide what happened, and apply the law to the facts.  It's my job to provide you with the law you must apply – and you must follow the law even if you disagree with it.

What is evidence:

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms.  It can be testimony about what someone saw, heard, or smelled.  It can be an exhibit or a photograph.  It can be someone's opinion.

Some evidence may prove a fact indirectly.  Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas.  This may be indirect evidence that it rained, even though the witness didn't personally see it rain.  Indirect evidence like this is also called "circumstantial evidence" – simply a chain of circumstances that likely proves a fact.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect.  You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

<u>What is not evidence</u>:

During the trial, you'll hear certain things that are not evidence and you must not consider them.

First, the lawyers' statements and arguments aren't evidence.  In their opening statements and closing arguments, the lawyers will discuss the case.  Their remarks may help you follow each side's arguments and presentation of evidence.  But the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyers' questions and objections aren't evidence.  Only the witnesses' answers are evidence.  Don't decide that something is true just because a lawyer's question suggests that it is.  For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?"  That question is not evidence of what the witness saw or what Mr. Jones did – unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence.  When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if [he/she] thinks the rules of evidence don't permit it.  If I overrule the objection, then the witness may answer the question or the court may receive the exhibit.  If I sustain the objection, then the witness cannot answer

the question, and the court cannot receive the exhibit.  When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence – this is also called "striking" evidence – and order you to disregard or ignore it.  That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose.  When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

Credibility of witnesses:

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, part of it, or none of it.  When considering a witness's testimony, you may take into account:

- the witness's opportunity and ability to see, hear, or know the things the witness is testifying about;

- the witness's memory;

- the witness's manner while testifying;

- any interest the witness has in the outcome of the case;

- any bias or prejudice the witness may have;

- any other evidence that contradicts the witness's testimony;

- the reasonableness of the witness's testimony in light of all the evidence; and

• any other factors affecting believability.

At the end of the trial, I'll give you additional guidelines for determining a witness's credibility.

Description of the case:

This is a civil case.  To help you follow the evidence, I'll summarize the parties' positions.  The Plaintiffs, Patricia Holland and Wayne Holland, claim the Defendants' Decedent James W. Harper is responsible for a tractor trailer wreck resulting in the death of Kip Holland.  James W. Harper passed away after this case was initiated.  As a result, The Estate of James W. Harper is substituted in his place. Defendant Cypress Insurance Company insures The Estate of James W. Harper.  The Estate of James W. Harper and Defendant Cypress Insurance Company deny those claims and contend that the acts or omissions of James W. Harper were caused by a Sudden Medical Emergency Act of God.

Burden of proof:

Plaintiffs have the burden of proving their case by what the law calls a "preponderance of the evidence."  That means Patricia and Wayne Holland must prove that, in light of all the evidence, what they claim is more likely true than not. So, if you could put the evidence favoring Patricia and Wayne Holland and the evidence favoring The Estate of James W. Harper and Defendant Cypress Insurance Company on opposite sides of balancing scales, Patricia and Wayne Holland need

to make the scales tip to their side.  If Patricia and Wayne Holland fail to meet this burden, you must find in favor of The Estate of James W. Harper and Defendant Cypress Insurance Company.

To decide whether any fact has been proved by a preponderance of the evidence, you may – unless I instruct you otherwise – consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them.  After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

On certain issues, called "affirmative defenses," The Estate of James W. Harper and Defendant Cypress Insurance Company have the burden of proving the elements of a defense by a preponderance of the evidence.  I'll instruct you on the facts The Estate of James W. Harper and Defendant Cypress Insurance Company must prove for any affirmative defense.  After considering all the evidence, if you decide that The Estate of James W. Harper and Defendant Cypress Insurance Company have successfully proven that the required facts are more likely true than not, the affirmative defense is proved.

Conduct of the jury:

While serving on the jury, you may not talk with anyone about anything related to the case.  You may tell people that you're a juror and give them

information about when you must be in court.  But you must not discuss anything about the case itself with anyone.

You shouldn't even talk about the case with each other until you begin your deliberations.  You want to make sure you've heard everything – all the evidence, the lawyers' closing arguments, and my instructions on the law – before you begin deliberating.  You should keep an open mind until the end of the trial.  Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means.  This includes e-mails, text messages, and the Internet, including social-networking websites such as Facebook, MySpace, and Twitter.

You also shouldn't Google or search online or offline for any information about the case, the parties, or the law.  Don't read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related to this case.  The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it.  It's very important that you understand why these rules exist and why they're so important.  You must base your decision only on the testimony and other evidence presented in the courtroom.  It is not fair to the parties if you base your decision in any way on information you

acquire outside the courtroom.  For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me and not from any other source.  Only you jurors can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair – no one else is so qualified.

Taking notes:

If you wish, you may take notes to help you remember what the witnesses said.  If you do take notes, please don't share them with anyone until you go to the jury room to decide the case.  Don't let note-taking distract you from carefully listening to and observing the witnesses.  When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the testimony.  Your notes are there only to help your memory.  They're not entitled to greater weight than your memory or impression about the testimony.

Course of the trial:

Let's walk through the trial.  First, each side may make an opening statement, but they don't have to.  Remember, an opening statement isn't evidence, and it's not supposed to be argumentative; it's just an outline of what that party intends to prove.

Next, Patricia and Wayne Holland will present their witnesses and ask them questions.  After counsel for Patricia and Wayne Holland questions the witness,

counsel for The Estate of James W. Harper and Defendant Cypress Insurance Company may ask the witness questions – this is called "cross-examining" the witness.  Then The Estate of James W. Harper and Defendant Cypress Insurance Company will present their witnesses, and counsel for Patricia and Wayne Holland may cross-examine them.  You should base your decision on all the evidence, regardless of which party presented it.

After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law.

You'll then go to the jury room to deliberate.

## ANNOTATIONS AND COMMENTS

No annotations associated with this instruction.

## 1.4    Jury Questions

During this trial, you may submit questions to a witness after the lawyers have finished their own questioning.  Here is how the procedure works:  After each witness has testified, and the lawyers have asked all of their questions, I'll ask if any of you have questions.  If you have a question, write it down and give it to the court staff.

You may submit a question for a witness only to clarify an answer or to help you understand the evidence.  Our experience with juror questions indicates that jurors rarely have more than a few questions for any one witness, and there may be no questions at all for some witnesses.

If you submit a question, the court staff will give it to me and I'll share your questions with the lawyers in the case.  If the rules of evidence allow your question, one of the lawyers or I will read your question to the witness.  I may modify the form or phrasing of a question so that it's allowed under the evidence rules.  Sometimes, I may not allow the questions to be read to the witness, either because the law does not allow it or because another witness is in a better position to answer the question. If I can't allow the witness to answer a question, you must not draw any conclusions from that fact or speculate on what the answer might have been.

Here are several important things to keep in mind about your questions for the witnesses:

- First, you must submit all questions in writing. Please don't ask any questions aloud.

- Second, the court can't re-call witnesses to the stand for additional juror questions. If you have a question for a particular witness, you must submit it when I ask.

- Finally, because you should remain neutral and open-minded throughout the trial, you should phrase your questions in a way that doesn't express an opinion about the case or a witness. You must keep an open mind until you've heard all the evidence, the closing arguments, and my final instructions on the law.

## ANNOTATIONS AND COMMENTS

No annotations associated with this instruction.

**1.5    Interim Statements**

At times during the trial, the lawyers will address you.  You'll soon hear the lawyers'
opening statements, and at the trial's conclusion you'll hear their closing arguments.
Sometimes the lawyers may choose to make short statements to you, either to
preview upcoming evidence or to summarize and highlight evidence they just
presented.  These statements and arguments are the lawyers' views of the evidence
or of what they anticipate the evidence will be.  They are not evidence themselves.

**ANNOTATIONS AND COMMENTS**

No annotations associated with this instruction.

## 2.1    Stipulations

Sometimes the parties have agreed that certain facts are true.  This agreement is called a stipulation.  You must treat these facts as proved for this case.

The parties have agreed to the following stipulations:

1.    Defendant Cypress Insurance Company had a policy in effect providing coverage to the tractor and trailer at issue in this case.

2.    The Defendant Cypress Insurance Company policy in effect providing coverage to the tractor and/or trailer at issue in this case bears policy number 03 TRM 014687-02.

3.    The Defendant Cypress Insurance Company policy in effect providing coverage to the tractor and/or trailer at issue in this case was in effect on, and included coverage for, incidents of December 8, 2016.

4.    This civil action arises out of a motor vehicle collision that happened about 1:10 p.m. on December 8, 2016 on Georgia Highway 369/Browns Bridge Road in Gainesville, Hall County, Georgia.

5.    On the date of the incident in question, James W. Harper was traveling west on Georgia Highway 369/Browns Bridge Road when his tractor-trailer departed his lane of travel and entered the right shoulder of the roadway.

6.    At the same time on the date of the incident in question that James W. Harper was traveling west on Georgia Highway 369/Browns Bridge Road, Kip

Holland was a pedestrian walking eastbound on the shoulder of the north side of the highway.

7.      When the tractor-trailer driven by James W. Harper departed his lane of travel and entered the right shoulder of the roadway, the trailer swung around and overtook Kip Holland.

8.      The collision in which the tractor trailer at issue in this case struck Kip Holland resulted in the death of Kip Holland.

9.      The duty to maintain a lane of travel is a rule of the road.

10.     James W. Harper failed to maintain his lane of travel on the roadway.

## **ANNOTATIONS AND COMMENTS**

No annotations associated with this instruction.

**2.2     Use of Depositions**

A deposition is a witness's sworn testimony that is taken before the trial. During a deposition, the witness is under oath and swears to tell the truth, and the lawyers for each party may ask questions.  A court reporter is present and records the questions and answers.

The deposition of Larry Johnston, M.D, taken on April 29, 2018, is about to be presented to you by a video.  Deposition testimony is entitled to the same consideration as live testimony, and you must judge it in the same way as if the witness was testifying in court.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

**ANNOTATIONS AND COMMENTS**

No annotations associated with this instruction.

## 2.5    Judicial Notice

The rules of evidence allow me to accept facts that no one can reasonably dispute.  The law calls this "judicial notice."  I've accepted [state the fact that the court has judicially noticed] as proved even though no one introduced evidence to prove it.  You must accept it as true for this case.

**<u>ANNOTATIONS AND COMMENTS</u>**

No annotations associated with this instruction.

**3.3     Consideration of Direct and Circumstantial Evidence; Argument of**

**Counsel; Comments by the Court**

As I said before, you must consider only the evidence that I have admitted in the case.  Evidence includes the testimony of witnesses and the exhibits admitted.  But anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case.  Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions.  You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact.  There's no legal difference in the weight you may give to either direct or circumstantial evidence.

<u>ANNOTATIONS AND COMMENTS</u>

3

No annotations associated with this instruction.

### 3.4    Credibility of Witnesses

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate.    You should decide whether you believe what each witness had to say, and how important that testimony was.  In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1.    Did the witness impress you as one who was telling the truth?

2.    Did the witness have any particular reason not to tell the truth?

3.    Did the witness have a personal interest in the outcome of the case?

4.    Did the witness seem to have a good memory?

5.    Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6.    Did the witness appear to understand the questions clearly and answer them directly?

7.    Did the witness's testimony differ from other testimony or other evidence?

**ANNOTATIONS AND COMMENTS**

No annotations associated with this instruction.

### 3.5.1  Impeachment of Witnesses Because of Inconsistent Statements

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact.  And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it.  People naturally tend to forget some things or remember them inaccurately.  So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception.  The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

### ANNOTATIONS AND COMMENTS

No annotations associated with this instruction.

### 3.6.1  Expert Witness

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion.  As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

## ANNOTATIONS AND COMMENTS

No annotations associated with this instruction.

### 3.6.2  Expert Witness – When Expert Fees Represent a Significant Portion of the Witness's Income

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion.  As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

When a witness is being paid for reviewing and testifying concerning the evidence, you may consider the possibility of bias and should view with caution the testimony of such witness where court testimony is given with regularity and represents a significant portion of the witness's income.

<u>**ANNOTATIONS AND COMMENTS**</u>

No annotations associated with this instruction.

### 3.8.1  Duty to Deliberate When Only the Plaintiffs Claim Damages

Of course, the fact that I have given you instructions concerning the issue of Plaintiffs' damages should not be interpreted in any way as an indication that I believe that the Plaintiffs should, or should not, prevail in this case.  Your verdict must be unanimous – in other words, you must all agree.  Your deliberations are secret, and you'll never have to explain your verdict to anyone.  Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors.  So, you must discuss the case with one another and try to reach an agreement.  While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong.  But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.  Remember that, in a very real way, you're judges – judges of the facts.  Your only interest is to seek the truth from the evidence in the case.

## ANNOTATIONS AND COMMENTS

No annotations associated with this instruction.

**3.9    Election of Foreperson Explanation of Verdict Form[s]**

When you get to the jury room, choose one of your members to act as foreperson.  The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict Form]

Take the verdict form with you to the jury room.  When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it.  Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer.  The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom.  Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response.  But I caution you not to tell me how many jurors have voted one way or the other at that time.  That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

## ANNOTATIONS AND COMMENTS

No annotations associated with this instruction.

## PLAINTIFF'S REQUEST TO CHARGE NUMBER 4

### WRONGFUL DEATH - GENERALLY

This is a wrongful death case.  If you find by a preponderance of the evidence that the death of Kip Holland resulted from the negligence of James Harper, then Patricia Holland, as his mother, is entitled to recover for the full value of the life of her son.

The Estate of Kip Holland would also be entitled to recover for the funeral, medical, and other necessary expenses, as well as Kip Holland's pain and suffering before death, resulting from his injury and death.

O.C.G.A. § 51-4-2

O.C.G.A. § 51-4-1

## PLAINTIFFS' REQUEST TO CHARGE NUMBER 5

### WRONGFUL DEATH; MEASURE OF DAMAGES

Should you find that James Harper was negligent, and that said negligence proximately caused or contributed to the death of Kip Holland, Plaintiffs' Wrongful Death claim requires you to award damages in an amount equal to the full value of the life of decedent Kip Holland as shown by the evidence and as described in this charge, without deduction for necessary or other personal expenses of decedent had he lived.

Damages in a wrongful death action are assessed from the deceased's standpoint, not from the Plaintiffs. The true value for the measure of damages in this case is the value of the life of Kip Holland to himself had he lived.

The full value of the life of the deceased is not limited to the amount of money that could have or would have been earned had he survived.

I charge you that the full value of Kip Holland's life is not only comprised of an economic component, but of the intangible value of life, as well. These lost intangible items, whose value cannot be precisely quantified, include his loss of enjoyment of life, society, advice, example, and counsel, which also includes the loss to himself of the opportunity to be a family member to those who survived him. The value is to be determined by your enlightened conscience. I further charge you that the

amount you award for the intangible component is not to be reduced to its present value.

In ascertaining the amount of damages to be allowed the Plaintiffs in this case, if you allow damages, you are not restricted to any fixed rule in the mode of establishing or estimating the value of the life of Kip Holland.  The rule for you in determining damages in a case of this type is the enlightened consciences of upright and impartial jurors acting under the sanctity of your oaths.  However, counsel are permitted, in arguing the case, to present any reasonable theory to you for your consideration in determining such amount.  You may also take into consideration your own personal knowledge of human affairs, and also your personal experience in arriving at a verdict, should you find that a verdict should be awarded to the Plaintiffs in this case.  You may also consider Kip Holland's age, his life expectancy, his health, his mental and physical development, and his family circumstances among other things that you may decide to reach the full value of his life.

*Georgia Pattern Jury Instruction* §66.304

O.C.G.A. §§ 51-4-1 and 51-4-2

Seaboard Coastline R.R. v. Duncan, 123 Ga. App. 479, 181 S.E.2d 535 (1971).

Eldridge, Ga. Pers. Inj. & Prop. Dam – Damages §10-5

Reliance Insurance Company v. Bridges, et al., 168 Ga. App. 874, 311 S.E.2d 193 (1983).

<u>Brock v. Wedincamp</u>, 253 Ga. App. 275, 283 (2002).

*Suggested Pattern Jury Instructions,* Council of Superior Court Judges of Georgia,

Volume I, 5th Ed. (2007) revised July 2014, 66.304, P. 269.

## PLAINTIFF'S REQUEST FOR CHARGE NO. 6

The "full value of the life of the deceased" includes an intangible element incapable of exact proof, which is measured only by the enlightened conscience of the jury.

The "intangible" elements of a person's life cannot be precisely defined. You may consider the age of the deceased at the time of his death, his health, his habits, his independence or lack thereof, his ability to take care of himself and to enjoy life and, all of the facts and circumstances relating to the life he was living at the time of his death. These are all recognized by the law as intangible elements of the value of the life of the deceased and are part of the proper measure of damages for a wrongful death. There need be no direct or express evidence of the value of any of these elements. These intangible elements are incapable of exact proof. You may also consider such factors as a person's society, advice, example and counsel to his family. You may consider his relationships with his family and friends as well.

Damages under Georgia's wrongful death statute are measured from the decedent's point of view, that is, from the point of view of Kip Holland himself. In other words, in this case, the measure of damages is a person's loss from not being able to enjoy the remainder of his life.

Damages in a case of wrongful death such as this are to be determined by you after taking into account all of the facts and circumstances of this case as determined by you in your enlightened consciences as jurors.

Standard Oil Company v. Reagan, 15Ga.App. 571, 589-590, 600, (1915) overruled on other grounds,

Hodges v. Effingham County Hospital Authority, 182 Ga.App. 173, 178(7) (1987).

Miller v. Jenkins, 201 Ga.App. 825,826 (1991).

City of Macon v. Smith, 117 Ga.App. 363, 374 (8) (1968).

Fulton Medical Center v. Poe, 224 Ga.App. 107 (1996).

Pollard v. Boatwright, 57 Ga.App. 568 (1), (1938).

## PLAINTIFF'S REQUEST TO CHARGE NO. 7

### TORTS; ORDINARY NEGLIGENCE (ORDINARY DILIGENCE)

Ordinary negligence means the absence of or the failure to use that degree of care that is used by ordinarily careful persons under the same or similar circumstances.  Before Plaintiffs can recover damages from Defendants in a case such as this, there must be injury to the Plaintiffs resulting from the Defendant's decedent's negligence.

*Georgia Pattern Jury Instruction* § 60.010 (modified)

O.C.G.A. § 51-1-2

**PLAINTIFF'S REQUEST TO CHARGE NO. 8**

**DIRECT ACTION**

I charge you that Georgia law establishes an independent cause of action against a motor common carrier's insurer on behalf of a member of the public injured by the carrier's negligence. The policy of insurance is a direct and primary obligation to any person or persons who shall sustain actionable injury or loss by reason of the negligence of the insured in the operation of his motor vehicle insured under the policy. Defendants admit that Defendant Cypress Insurance Company provided a policy of insurance to Defendants' Decedent James W. Harper, now The Estate of James W. Harper. Defendant Cypress Insurance Company is a proper party in this action.

Thomas v. Bobby Stevens Hauling Contractors, Inc., 165 Ga. App. 710, 302 S.E.2d 585 (1983).

O.C.G.A. § 40-2-140(d).

## PLAINTIFF'S REQUEST TO CHARGE NO. 9

### PAIN AND SUFFERING

Pain and suffering is a legal item of damages.  The measure is the enlightened conscience of fair and impartial jurors.  Questions of whether, how much, and how long the Plaintiff's Decedent suffered are for you to decide.  Pain and suffering includes mental suffering.  In evaluating the Plaintiff Decedent's pain and suffering, you may consider the following factors, if proven: fear/fright; shock of impact; actual pain and suffering; and mental anguish.

*Georgia Pattern Jury Instruction* § 66.501 (adapted).

Food Lion v. Williams, 219 Ga. App. 352 (1995).

OB-GYN Associates of Albany v. Littleton, 259 Ga. 663 (1989)

Southern Railway Co. v. Jackson, 146 Ga. 243 (1916)

Chapman v. Western Union Telegraph Co., 88 Ga. 763 (1892)

Jordan v. Atlanta Affordable Housing Fund, Ltd., 230 Ga. App. 734, 738 (1998) ("Mere wrongful acts of negligence will authorize a recovery where the resulting fright, shock, or mental suffering is attended with actual immediate physical injury.")

Crockett v. Norfolk S. Ry. Co., 95 F. Supp. 2d 1353, 1365 (N.D.Ga., 2000) (aff'd, 239 F.3d 370 (11th Cir. 2000)) (The fright, shock, and mental suffering experienced by an individual due to wrongful acts of negligence will authorize a recovery where attended with physical injury.  There is no requirement that the physical injury precede the mental pain and suffering.) (citing Monk v. Dial, 212 Ga. App. 362 (1994)).

## PLAINTIFF'S REQUEST TO CHARGE NO. 10

### TORT DAMAGES; LIFE EXPECTANCY; MORTALITY TABLES

*(The following should be used only if a mortality table is introduced in evidence.)*

There is another way in which you may determine the life expectancy of the Plaintiff's Decedent.  There has been introduced into evidence a copy of the Annuity/Mortality Table 1949, Ultimate.  If you desire to determine from this table the life expectancy of a person, look up that person's age in one column, and across from the age column, you will find the life expectancy of a person of that age.  Life expectancy shown on any such table is merely a guide that you may follow while considering the evidence as a whole.

*Georgia Pattern Jury Instruction* 66.302

Savannah, etc., Railway v. Stewart, 71 Ga. 427 (1883)

Augusta Railway Co. v. Glover, 92 Ga. 132, 148 (1892); and other cases cited to note "mortality tables"; subnote "conclusive" following O.C.G.A. §51-12-4

## PLAINTIFF'S REQUEST TO CHARGE NO. 11

### BAD FAITH

Indicative of whether a party acts in good or bad faith in a given transaction is his abiding by or failing to comply with a public law made for the benefit of the opposite party, or enacted for the protection of the opposite party's legal rights.

Plaintiffs have alleged that James W. Harper failed to comply with mandatory safety regulations promulgated for the benefit of the public including Kip Holland. More specifically, Plaintiffs have alleged that James W. Harper acted in bad faith by violating the Federal Motor Carrier Safety Regulations through misrepresenting his medical history during his medical examination, driving while consuming a controlled substance, and continuing to drive while possibly experiencing a medical issue.

Windermere, Ltd. v. Bettes, 211 Ga. App. 177, 179, 438 S.E.2d 406, 409 (1993) (citing Hinton v. Ga. Power Co., 126 Ga.App. 416, 420(9), 190 S.E.2d 811 (1972)).

Powell Company v. McGarey Group, LLC, 508 F.Supp.2d 1202, 1219-20 (N.D.Ga.2007).

## **PLAINTIFF'S REQUEST TO CHARGE NO. 12**

### **BAD FAITH**

The bad faith referred to in actions sounding in tort, such as this one, means

bad faith in the transaction out of which the cause of action arose.

Windermere, Ltd. v. Bettes, 211 Ga. App. 177, 179, 438 S.E.2d 406, 409 (1993)
(citing Atlanta Journal Co. v. Doyal, 82 Ga.App. 321, 336(5), 60 S.E.2d 802 (1950)).

## PLAINTIFF'S REQUEST TO CHARGE NO. 13

To find that the Defendant's Decedent acted in bad faith, it is not necessary to find that the Defendant intended the consequences of his actions. Under Georgia law, a reckless and wanton disregard of consequences, evincing a willingness to inflict injury or produce death may amount to willfulness, although there is no direct proof of actual intention to inflict the injury or produce the death.

O.C.G.A. § 13-6-11;

Knobeloch v. Mustascio, 640 F.Supp. 124, 126 (N.D.Ga.1986) ("In this case, defendant's driving with a blood alcohol content of .23%--more than twice the legal limit--might be deemed such a 'reckless and wanton disregard of consequences' to amount to 'willfulness.' Accordingly, the jury was entitled to find that defendant acted in 'bad faith' under O.C.G.A. § 13-6-11." "[B]ecause driving while intoxicated may constitute 'willful' misconduct and, therefore, 'bad faith' under O.C.G.A. § 13-6-11, the jury's award of attorney's fees was not improper."). Accord, Ponce de Leon Condominiums v. DiGirolamo, 238 Ga. 188, 190 (1977) ("Attorney's fees as expenses of litigation are not punitive or vindictive damages, but stand alone and the jury may allow them if the defendant has acted in bad faith in the transaction out of which the cause of action arose."); Ford Motor Co. v. Stubblefield, 171 Ga.App. 331, 342 (Ga.App.1984) ("we note that the same evidence which authorized the verdict for punitive damages authorized the jury to find that [the defendant] acted in bad faith [so as to support an attorney's fee award].").

**PLAINTIFF'S REQUEST TO CHARGE NO. 14**

The driver of a motor vehicle has a duty to keep his vehicle under control, to keep a proper lookout ahead, and to drive and steer in such a manner as to avoid striking any obstacle which might result in injury to another.

<u>Citizens & Southern Nat. Bank v. Huguley</u>, 100 Ga. App. 75 (2) and (4), 110 S.E. 2d 63, 65-66 (1959)

**PLAINTIFF'S REQUEST TO CHARGE NO. 15**

Members of the Jury, I charge you that you and you alone are the exclusive

judges of what the common conscience of the community is, and in determining that

conscience you are to consider the community as a whole, young and old, educated

and uneducated, the religious and the irreligious-men, women and children.

Roth v. U.S., 354 U.S. 476, 490 (1957)

## PLAINTIFF'S REQUEST TO CHARGE NO. 16

### ACT OF GOD

"Act of God" means an accident produced by physical causes which are irresistible or inevitable, such as lightning, storms, perils of the sea, earthquakes, inundations, sudden death, or illness.  This expression excludes all idea of human agency.

O.C.G.A. § 1-3-3.

## PLAINTIFF'S REQUEST TO CHARGE NO. 17

An "illness" can be considered an "act of God" and thus serve as a complete bar to a negligence claim against the Defendants' Decedent that experienced that illness.  To defeat a negligence claim using this defense, Defendants must show that the illness/medical emergency alone, rather than some additional action taken by the James W. Harper, caused the accident.  As such, Defendants cannot use this defense if it was foreseeable that James W. Harper might experience such a medical emergency while driving.

Woodard v. Dempsey, 2016 WL 4079713, at *4 (N.D. Ga. Aug. 1, 2016) (citing Lewis v. Smith, 238 Ga. App. 6, 7 (1999)).

## PLAINTIFF'S REQUEST TO CHARGE NO. 18

Even if loss of consciousness was not foreseeable, a complete defense still does not exist if the loss of consciousness occurred, not suddenly, but in a manner that would have allowed a reasonable driver to take some avoidance action.

Lewis v. Smith, 238 Ga. App. 6, 7 (1999).

## PLAINTIFF'S REQUEST TO CHARGE NO. 19

To establish an Act of God defense based on illness producing a loss of consciousness, the Defendants must show that the loss of consciousness produced the accident without any contributing negligence on the part of the driver.

Eatmon v. Weeks, 323 Ga. App. 578, 581–82, 746 S.E.2d 886, 889–90 (2013) (citing Lewis v. Smith, 238 Ga.App. 6, 7 (1999))

## PLAINTIFF'S REQUEST TO CHARGE NO. 20

An act which may be prevented by the exercise of ordinary care is not an act

of God.

Mann V. Anderson, 206 Ga.App. 760 (1992) (citing Central Ga., etc., Corp. v.
Heath, 60 Ga.App. 649, 652, 4 S.E.2d 700).

## PLAINTIFF'S REQUEST TO CHARGE NO. 21

Where damages are caused by the combination of an Act of God and the fault

of man, such damages must be attributed entirely to human error."

Strange v. Bartlett, 236 Ga. App. 686, 687 (1999) (citing Western & Atlantic R. v.
Hassler, 92 Ga.App. 278, 280–281(1) (1955)).

## PLAINTIFF'S REQUEST TO CHARGE NO. 22

The defense of emergency is not available unless the evidence shows that there has been a sudden peril caused by circumstances in which the Defendant did not participate and which offered him a choice of conduct without time for thought so that negligence in his choice might be attributable not to lack of care but to lack of time to assess the situation."

Robinson v. Metropolitan Atlanta Rapid Transit Authority, 197 Ga.App. 628 (1990) (citing Ray v. Anderson, 189 Ga.App. 80, 81(2), 374 S.E.2d 819 (1988))