IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| PATRICIA HOLLAND, the Surviving Mother of KIP EUGENE HOLLAND and WAYNE HOLLAND, as the Administrator of the Estate of KIP EUGENE HOLLAND, <br><br> Plaintiffs, <br><br> v. <br><br> CYPRESS INSURANCE COMPANY and KERI BELL, as the Administrator of the Estate of JAMES WENDELL HARPER, <br><br> Defendants. | FILED IN CLERK'S OFFICE U.S.D.C. - Gainesville <br> FEB - 6 2020 <br> JAMES N. HATTEN, Clerk <br> By: _____ Deputy Clerk <br><br> CIVIL ACTION NO. <br><br> 2:17-CV-120-RWS |

## JURY INSTRUCTIONS

Members of the jury:

It is my duty to instruct you on the rules of law that you must use in deciding this case. When I have finished you will go to the jury room and begin your deliberations.

Your decision must be based only on the evidence presented here. You must not be influenced by either sympathy for or prejudice against anyone.

You must consider this case as a lawsuit between persons of equal worth and equal standing in the community and between persons holding the same or similar positions in life. All persons stand equal before the law. In a court of justice, all persons are to be dealt with as equals. A business entity such as Cypress Insurance Company is regarded as a person in this instance.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all my instructions as a whole. You must not single out or disregard any of the instructions on the law. I will provide a copy of these instructions for each of you to use during your deliberations.

## Evidence

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses, the exhibits admitted into evidence, and stipulations of the parties. But anything the lawyers say is not evidence and is not binding on you.

You should not assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts. Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

### Witnesses

When I say you must consider all the evidence, I do not mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point does not necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?
2. Did the witness have any particular reason not to tell the truth?
3. Did the witness have a personal interest in the outcome of the case?

4. Did the witness seem to have a good memory?

5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6. Did the witness appear to understand the questions clearly and answer them directly?

7. Did the witness's testimony differ from other testimony or other evidence?

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake does not mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

When scientific, technical, or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter. But that does not mean you must accept the witness's

opinion. As with any other witnesses' testimony, you must decide for yourself whether to rely upon the opinion.

## Burden of Proof

In this case, it is the responsibility of the Plaintiffs to prove every essential part of their claims by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion." For the affirmative defense asserted by Defendants, they must prove the defense by a preponderance of the evidence.

The term "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that Plaintiffs' claim is more likely true than not true. The weight of the evidence, even though superior, need not be enough to completely free the mind from a reasonable doubt. However, to be a preponderance, the weight of the evidence must be sufficient to incline a reasonable and impartial mind to one side of the issue, rather than to the other.

If the Plaintiffs fail to prove any essential element of their claims by a preponderance of the evidence, you should find in favor of Defendants as to such claims. Likewise, if Defendants fail to prove their affirmative defense by a preponderance of the evidence, the defense will not bar Plaintiffs' claims. Plaintiffs still have the burden of proving their claims.

### Plaintiffs' Claims

This is a wrongful death case in which Plaintiffs allege that the death of Kip Holland resulted from the negligence of James Harper. In order to recover, Plaintiffs must prove by a preponderance of the evidence that the negligence of James Harper, if any, was the proximate cause of the injuries to Kip Holland.

Ordinary negligence means the absence of or the failure to use that degree of care that is used by ordinarily careful persons under the same or similar circumstances. The driver of a motor vehicle has a duty to keep his vehicle under control, to keep a proper lookout ahead, and to drive and steer in such a manner as to avoid striking any obstacle which might result in injury to another.

Before Plaintiffs can recover damages from Defendants in a case such as this, there must be injury to the Plaintiffs resulting from the Defendants' Decedent's negligence.

Proximate cause means that cause which, in a natural and continuous sequence, produces an event, and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using ordinary care would have foreseen that the event might reasonably result therefrom. When I use the expression "proximate cause," I mean a cause that, in the natural or ordinary course of events, produced the Plaintiffs' injury.

## Damages

Turning now to the issue of damages. The fact that I am giving you instructions concerning the issue of Plaintiffs' damages should not be interpreted in any way as an indication that I believe that Plaintiffs should, or should not, prevail in this case.

Damages are given as pay or compensation for injury done. When one party is required to pay damages to another, the law seeks to ensure that the damages awarded are fair to both parties. If you believe from a preponderance of the evidence that Plaintiffs are entitled to recover, you should award Plaintiffs such sums as you believe are reasonable and just in this case.

The damages Plaintiffs seek to recover include the full value of the life of Kip Holland for his alleged wrongful death, damages for Kip Holland's pain-and-suffering, medical and funeral expenses, and the expenses of this litigation.

I will first address Plaintiffs' wrongful death claim. If you find that Plaintiffs are entitled to recover for Kip Holland's wrongful death, you shall award to Plaintiff Patricia Holland an amount equal to the full value of the life of the deceased, without deduction for necessary or other personal expenses of the deceased had he lived. Damages in a wrongful death action are assessed from the Decedent's standpoint, not from the Plaintiffs'. The true value for the measure of damages in this case, if

any, is the value of the life of Kip Holland to himself had he lived. You may not award damages based on the loss suffered by members of Kip Holland's family.

The full value of the life is not only comprised of an economic component, but also of the intangible value of life, as well. These lost intangible items, whose value cannot be precisely quantified, include his loss of enjoyment of life, society, advice, example, and counsel, which also includes the loss to himself of the opportunity to be a family member to those who survived him. The value is to be determined by your enlightened conscience. You may take into consideration your own personal knowledge of human affairs, and also your personal experience in arriving at a verdict. You may also consider Kip Holland's age, his life expectancy, his health, his mental and physical development, and his family circumstances among other things that you may consider to reach the full value of his life.

You may determine the life expectancy of a person when the person's age is shown without any other direct evidence on the subject. In deciding this matter, you are also entitled to consider the evidence pertaining to the person's health, habits, surroundings, and methods of living.

There is another way in which you may determine the life expectancy of Kip Holland. There has been introduced into evidence a copy of the Annuity/Mortality Table 1949, Ultimate. If you desire to determine from this table the life expectancy

8

of a person, look up that person's age in one column, and across from the age column, you will find the life expectancy of a person of that age. Life expectancy shown on any such table is merely a guide that you may follow while considering the evidence as a whole.

Turning next to Plaintiffs' claim for pain and suffering. Under Georgia law, no action for a claim due to injury to the person shall abate by the death of the person. Under Georgia law, the claims which a deceased person possessed prior to death survive to that decedent's estate and may be brought by his personal representative acting in his capacity as administrator of the decedent's estate.

Pain and suffering is a legal item of damages. The measure is the enlightened conscience of fair and impartial jurors. Questions of whether, how much, and how long Plaintiffs' Decedent suffered are for you to decide. Pain and suffering includes mental suffering. In evaluating Kip Holland's pain-and-suffering, you may consider the following factors, if proven: fear, fright, shock of impact, actual pain-and-suffering, and mental anguish. There is no requirement that physical injury precede mental pain and suffering.

Turning now to Plaintiffs' claim for medical and funeral expenses. In all cases, necessary expenses resulting from the injury are a legitimate item of damages and may be recovered by Wayne Holland, as the Administrator of the Estate of Kip

Holland. As to medical expenses, such as hospital, doctor, and medicine bills, the amount of the damage would be the reasonable value of such expense as was reasonably necessary. Likewise, reasonable funeral expenses may also be recovered.

Turning finally to expenses of litigation. Plaintiffs may recover their expenses of litigation, including attorney's fees, if they prove by a preponderance of the evidence that James Harper acted in bad faith. The bad faith referred to means bad faith in the transaction out of which the claims in this case arose. Indicative of whether a party acts in good or bad faith in a given transaction is his abiding by or failing to comply with a public law made for the benefit of the opposite party.

Plaintiffs have alleged that James Harper failed to comply with mandatory safety regulations promulgated for the benefit of the public, including Kip Holland. Specifically, Plaintiffs allege that James Harper acted in bad faith by violating the Federal Motor Carrier Safety Regulations through misrepresenting his medical history during his medical examination, driving while consuming a controlled substance, and continuing to drive while possibly experiencing a medical emergency.

To find that James Harper acted in bad faith, it is not necessary that you find that he intended the consequences of his actions. Under Georgia law, a reckless and wanton disregard of consequences, evincing a willingness to inflict injury or produce

death may amount to willfulness, although there is no direct proof of actual intention to inflict the injury or death.

At this stage of the trial, you will be asked to decide only if Plaintiffs have proven by a preponderance of the evidence that James Harper acted in bad faith in the transaction in this case. If you find they have proved their claim, Plaintiffs will present evidence of their expenses, and you will decide the amount that is to be awarded to them.

Plaintiffs sued Cypress Insurance Company under Georgia's Direct Action Statute. Defendants admit Cypress Insurance Company issued a policy to James W. Harper. However, its actions are not at issue in this case. If you find in favor of Plaintiffs, then your verdict should be against the Estate of James W. Harper and Cypress Insurance Company.

**Affirmative Defense**

Under Georgia law, the phrase "act of God" refers to an accident caused by physical forces that are inevitable or beyond control, such as illness. A person's illness can be considered an "act of God" and serve as a complete bar to a negligence claim against the defendant that experienced that illness.

The "act of God" defense is an affirmative defense upon which a defendant carries the burden of proof. A defendant asserting this defense must establish the

defense by a preponderance of the evidence which I have already defined for you. A sudden and unforeseeable loss of consciousness by a driver is a complete defense to a claim that the driver negligently lost control of the automobile and proximately caused an ensuing accident.

To defeat a negligence claim using this defense, a defendant must show that the illness alone, rather than some additional action taken by the defendant or some failure to act by the defendant, caused the accident. Where damages are caused by a combination of an "act of God" and the fault of man, such damages must be attributed entirely to human error. As such, a defendant cannot use this defense if it was foreseeable that he might experience such an illness while driving. Accordingly, loss of consciousness by a driver would not be a complete defense if by the exercise of ordinary care it was foreseeable to the driver that he might lose consciousness while driving. And even if loss of consciousness was not foreseeable, it would still not be a complete defense if the evidence showed the loss of consciousness occurred, not suddenly, but in a manner that would have allowed a reasonable driver to take some action to avoid the ensuing accident.

## Deliberations

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So, you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

### Verdict Form

A verdict form has been prepared for your convenience. The first section of the verdict form provides two alternative findings: "We, the jury, find in favor of Plaintiffs" and "We, the jury, find in favor of Defendants." You will place an "X" before the alternative that states your verdict. If you find for Defendants, your deliberations are complete. Your foreperson will complete the verdict form, date it, and sign it, and then return to the courtroom to publish your verdict. If you find for Plaintiffs, you will enter the damages you award to Plaintiffs. First, you will enter the amount, if any, that you find to be the full value of the life of Kip Holland and

that you award to Patricia Holland as damages for her wrongful death claim. Next, you will enter the amount, if any, you award to Wayne Holland, as the Administrator of the Estate of Kip Holland, for pain and suffering and then for medical expenses and funeral expenses.

You will then proceed to the second section of the verdict form addressing the bad faith claim. You will answer the question: "Have Plaintiffs proven by a preponderance of the evidence that James Harper acted in bad faith in the transaction in this case?" You will answer "Yes" or "No," based on your verdict. If you answer "Yes," we will address the amount of expenses to be awarded after Plaintiffs present evidence of their expenses.

Your foreperson will complete the verdict form, date it, and sign it, and then return to the courtroom to publish your verdict.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information

should remain in the jury room and not be shared with anyone, including me, in your note or question.