IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| PATRICIA HOLLAND, THE SURVIVING MOTHER OF KIP EUGENE HOLLAND AND WAYNE HOLLAND AS THE ADMINISTRATOR OF THE ESTATE OF KIP EUGENE HOLLAND, DECEASED,<br><br>    Plaintiffs,<br><br>v.<br><br>CYPRESS INSURANCE COMPANY AND KARI BELL, AS ADMINISTRATOR OF THE ESTATE OF JAMES WENDELL HARPER, DECEASED,<br><br>    Defendants. | CIVIL ACTION FILE<br>NUMBER 2:17-CV-0120 |

## REQUEST FOR ORAL ARGUMENT ON MOTION FOR JUDGMENT AS A MATTER OF LAW OR IN THE ALTERNATIVE FOR NEW TRIAL

Pursuant to Local Rule 7.1(e) and Judge Story's Standing Order Regarding Civil Litigation § II(h), Defendants hereby request oral argument on their Motion for Judgment as a Matter of Law or in the Alternative for New Trial. In accordance with Judge Story's Standing Order, Defendants state that Jonathan Spital, an associate with Holland & Knight LLP who is less than seven years out of

law school, will conduct the oral argument on at least one substantial issue in the case.

Plaintiffs obtained a wrongful death judgment of over $21 million arising from a motor vehicle accident despite undisputed evidence that the Defendant driver, James Harper, fell ill just minutes prior to the accident, and unrebutted medical testimony that Harper had no underlying conditions which would have made his sudden incapacitation foreseeable. Oral argument is warranted as to whether this undisputed evidence entitles Defendants to judgment as a matter of law ("JMOL") under the "act of God" defense—at least to JMOL on Plaintiffs' claim for bad faith attorneys' fees pursuant to O.C.G.A. § 13-6-11—or as to whether Defendants are, in the alternative, entitled to a new trial.

In particular, oral argument would aid the Court with respect to its analysis of the 2015 Amendments to Georgia's Direct Action statute, O.C.G.A. § 40-2-140, which neither this Court nor Georgia's appellate courts have addressed. The question is: When the General Assembly added limiting language specifying that the statute does not "diminish the rights of any person to pursue an action directly against a for-hire intrastate motor carrier's insurer," did it intend to authorize a direct action against an *inter*state motor carrier's insurer? This issue impacts not only the question of whether Cypress Insurance Company was a proper party to

this action, but also whether Harper is at least entitled to a new trial as a result of the prejudicial impact of having the insurance company as a named co-Defendant.

Oral argument is also warranted regarding the propriety of Plaintiffs' $6,000,000 attorneys' fees award, which equates to paying counsel at a rate of $5,500 an hour. Under Georgia law, an award of attorneys' fees under O.C.G.A. § 13-6-11 must be "reasonable." *See Georgia Dep't of Corr. v. Couch*, 295 Ga. 469, 483 (2014); *Rivergate Corp. v. BCCP Enterprises, Inc.*, 198 Ga. App. 761, 763 (1991) (applying reasonableness standard to claim for attorneys' fees under O.C.G.A. § 13–6–11). While contingency fee contracts can be considered in the mix of evidence proffered in support of the reasonableness of a fee request, "the party seeking fees must also introduce evidence of hours, rates, or some other indication of the value of the professional services actually rendered." *Couch*, 295 Ga. at 483. Defendants respectfully submit that oral argument on the attorneys' fee award would be beneficial, as Georgia trial courts have taken varying approaches to this issue, which is currently pending in the Georgia Court of Appeals in another case.

Other points of error raised by Defendants are also worthy of oral argument. Accordingly, Defendants respectfully request the Court to grant oral argument.

Respectfully submitted this 8th day of April, 2020.

*/s/ Laurie Webb Daniel*
Laurie Webb Daniel
Georgia Bar No. 204225
Jonathan Spital
Georgia Bar No. 647816
**HOLLAND & KNIGHT LLP**
1180 West Peachtree Street NW, Ste. 1800
Atlanta, Georgia 30309
Phone: (404) 817-8500
Facsimile: (404) 881-0470
laurie.daniel@hklaw.com
jonathan.spital@hklaw.com


**DENNIS, CORRY, SMITH & DIXON, LLP**
Grant B. Smith, ESQ.
Georgia bar number 658345
900 Circle 75 Parkway, Suite 1400
Atlanta, GA 30339
(404) 926-3658
(404) 365-0134 Facsimile
Gbs@dcplaw.com


Attorneys for Defendants

## **CERTIFICATE OF SERVICE**

I electronically filed this **REQUEST FOR ORAL ARGUMENT ON MOTION FOR JUDGMENT AS A MATTER OF LAW OR IN THE ALTERNATIVE FOR NEW TRIAL** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

R. Shane Lazenby, Esq.
Lazenby Law Group
1651 Thompson Bridge Road
P.O. Box 2875
Gainesville, GA 30503

Grant B. Smith, Esq.
DENNIS, CORRY, SMITH & DIXON, LLP
900 Circle 75 Parkway, Suite 1400
Atlanta, GA 30339

Elliot Kerzner
Cozen O'Connor
1230 Peachtree Street NE Suite 400
Atlanta, GA 30309


This 8th day of April, 2020.

                                            */s/ Laurie Webb Daniel*
                                            Laurie Webb Daniel
                                            Georgia Bar No. 204225

## **LOCAL RULE 7.1(D) CERTIFICATION**

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing has been prepared with Times New Roman, 14 point.

This 8th day of April, 2020.

>*/s/ Laurie Webb Daniel*
>Laurie Webb Daniel
>Georgia Bar No. 204225