IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| **PATRICIA HOLLAND, the Surviving** ) | |
| **Mother of KIP EUGENE HOLLAND** ) | |
| **and WAYNE HOLLAND as the** ) | |
| **Administrator of the Estate of** ) | |
| **KIP EUGENE HOLLAND, Deceased** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | **CIVIL ACTION FILE** |
| **VS.** ) | |
| ) | **NO. 2:17-CV-0120** |
| **CYPRESS INSURANCE COMPANY;** ) | |
| **JW HARPER FARMS, LLC,** ) | |
| **and KERI BELL, as Administrator** ) | |
| **of the Estate of JAMES WENDELL** ) | |
| **HARPER, Deceased,** ) | |
| ) | |
| **Defendants.** ) | |

## RESPONSE TO DEFENDANTS' REQUEST FOR ORAL ARGUMENT

COME NOW, Patricia Holland and Wayne Holland, Plaintiffs in the above styled cause of action and, by and through counsel, respond to Defendants' Request for Oral Argument, showing this Honorable Court the following:

Plaintiffs certainly respect the Court's Standing Order and the opportunity for Mr. Spital to obtain experience in Courtroom appearances. In response, however, Plaintiffs respectfully request such Oral Argument take place as soon as

the first available date can be opened. Defendants' request only serves to delay the enforcement of this jury's verdict.

The Court presided over this trial, and most assuredly, the Court is thoroughly familiar with the evidence presented. Defendants' misrepresentation of the evidence borders on a disingenuous recitation. Mr. Harper's medical condition included a host of underlying disorders making sudden incapacitation not only foreseeable, but inevitable. Such inevitability was clear from the evidence and obvious to the jury. Defendants had a fair trial and were found liable by a lawfully selected jury.

Defendants' wishful interpretation of the language of one of Georgia's Direct Action statutes is a non-starter for the reasons Plaintiffs articulated in their response to the underlying motion. No need exists for Plaintiffs to again recite all such reasons here, but state simply the prima facie elements of a direct action against Cypress were met and Defendants are not entitled to the relief requested. Oral argument will provide the Court no "aid" to reach the same conclusion.

With regard to the judgment for the expenses of litigation, the jury made the determination as to what was reasonable in this case based on the unrebutted testimony of Matt Cook and presentation of Plaintiffs' evidence. Georgia law authorizes the jury to determine the appropriate litigation expenses to be awarded

Plaintiffs when Defendants act in bad faith in the underlying transaction. That is exactly what took place in this case. Based on ample unrebutted evidence inclusive of and far beyond Plaintiffs' contingency fee contract, the jury decided the reasonableness of the fees and rendered a verdict. Defendants now hope to use the power of the Court to overturn the decision of a Northern District of Georgia duly selected jury simply because they do not like the amount of the judgment. Georgia law entitles juries to make this decision. The decision has been made and should not be disturbed.

Again, Plaintiffs respect the Court's Standing Order and the need to provide experience to Mr. Spital. Yet, Plaintiffs have awaited justice for a substantial amount of time already. Plaintiffs seek to balance the necessity for closure in this case with the needs for experience of young counsel. Accordingly, if the Court deems it necessary to conduct oral argument, given the total and complete lack of error in the trial, in all fairness, Plaintiffs respectfully request such argument take place as soon as possible.

This 13th day of April, 2020.

                    **LAZENBY LAW GROUP, LLC**

                    /s/ ***R. SHANE LAZENBY***
                    _____
                    R. SHANE LAZENBY
                    GEORGIA STATE BAR NUMBER 441670

P.O. BOX 2875
GAINESVILLE, GEORGIA 30503
678-971-1166
678-971-1168 (FAX)
SHANE@LAZLAWGROUP.COM *ATTORNEY FOR PLAINTIFFS*

## CERTIFICATE OF COMPLIANCE WITH L.R. 7.1

The undersigned attests that this document was prepared in Times New Roman, 14-point font that complies with this Court's Rules.

This 13th day of April, 2020.

                                    **LAZENBY LAW GROUP, LLC**

                                    /S/ ***R. SHANE LAZENBY***
                                    _____
                                    R. SHANE LAZENBY
                                    GEORGIA STATE BAR NUMBER 441670

P.O. BOX 2875
GAINESVILLE, GEORGIA 30503
678-971-1166
678-971-1168 (FAX)
SHANE@LAZLAWGROUP.COM         *ATTORNEY FOR PLAINTIFFS*

5

## CERTIFICATE OF SERVICE

This is to certify that I have this day electronically filed the RESPONSE TO DEFENDANTS' REQUEST FOR ORAL ARGUMENT with the Clerk of Court using the CM/ECF system and have served a copy of the within and foregoing pleading to all parties to this matter via U.S. Mail, with proper postage prepaid, addressed as follows:

Brent M. Estes
Dennis, Corry, Smith & Dixon, LLP
900 Circle 75 Parkway, Suite 1400
Atlanta, GA 30339

Laurie Webb Daniel
Jonathan Spital
Holland & Knight, LLP
1180 West Peachtree Street, N.W., Suite 1800
Atlanta, GA 30309

Elliot Kerzner
Cozen O'Conner
1230 Peachtree Street, N.E., Suite 400
Atlanta, GA 30309

I FURTHER CERTIFY that the undersigned is in possession of the original pleading referenced above.

This 13th day of April, 2020.

**LAZENBY LAW GROUP, LLC**

/S/ **R. SHANE LAZENBY**
_____

|  |  |
|---|---|
|  | R. SHANE LAZENBY |
|  | GEORGIA STATE BAR NUMBER 441670 |
| P.O. BOX 2875 |  |
| GAINESVILLE, GEORGIA 30503 |  |
| 678-971-1166 |  |
| 678-971-1168 (FAX) |  |
| SHANE@LAZLAWGROUP.COM | *ATTORNEY FOR PLAINTIFFS* |